# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2009

No. 08-11119
Summary Calendar

Charles R. Fulbruge III
Clerk

JIMMY ARAGON,

Plaintiff - Appellant

v.

MICHAEL J ASTRUE, COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:07-CV-115

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Appellant Jimmy Aragon appeals from a final judgment issued by the United States District Court for the Northern District of Texas affirming the decision of the Commissioner of Social Security (the "Commissioner") denying Mr. Aragon's claim for Supplemental Security Income ("SSI") on the grounds that he is not "disabled" for purposes of Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 405(g), 1382c(a)(3) (2008). We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our review of the Commissioner's final decision is limited to "(1) whether the Commissioner applied the proper legal standard; and (2) whether the Commissioner's decision is supported by substantial evidence." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Substantial evidence is more than a mere scintilla but less than a preponderance; it is such evidence as a reasonable mind might accept as adequate to support a decision. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). We may not reweigh the evidence, try the issues de novo, or substitute our judgment for the Commissioner's. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

An individual is "disabled" if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." § 1382c(a)(3). In making a disability determination, the Social Security Administration uses a five-step sequential evaluation process.[1] 20 C.F.R. § 416.920; *Waters*, 276 F.3d at 718. The only issue presented by this appeal pertains to the fourth step of this evaluation process. Specifically, we must decide whether substantial evidence supports the Commissioner's finding that Mr. Aragon retains the residual functional capacity to perform his past relevant

---

[1] The five steps are as follows:

First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit [his] physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested.

*Waters*, 276 F.3d at 718.

work as a dishwasher. For substantially the same reasons set forth in the Magistrate Judge's Report and Recommendation as adopted by the District Court, we hold that substantial evidence exists to support the Commissioner's finding.

AFFIRMED.